HOUSTON, Justice
(concurring specially).
Nothing presented to Roy Lee Richardson refuted the statement that Doug Watkins allegedly made to Richardson when the sale of the policy was concluded. The policy, with plain language and bold print, provided: “REDUCED DURING FIRST 3 POLICY YEARS. DURING THIS TIME THE DEATH BENEFIT IS EQUAL TO THE PREMIUMS PAID INCREASED BY 10% PER YEAR.” If the policy, with that language, had been available to Richardson when the transaction was concluded, I would dissent. However, it was not; therefore, I cannot distinguish this case from Liberty National Life Insurance Co. v. Sherrill, 551 So.2d 272 (Ala.1989), with its great concluding paragraph, quoted from the plaintiffs testimony:
“[WJhen he [the plaintiffs now deceased husband] told her [the insurance sales agent] we weren’t able to buy she got up and put one hand on one arm of his chair and one on the other and she looked him right in the face. I won’t ever forget that, and said, ‘Mr. Sherrill, this $2,500 would help Ms. Sherrill if you was to die.’ He looked her right in the eye believing every word she said and said ‘Hon, go get the checkbook, and we’ll take it.’ ”
551 So.2d at 275.